# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

**FILED**

MAY **5** 2004

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

LUCENT TECHNOLOGIES, INC., ET AL. §

§

Plaintiffs, §

§   CASE NO. 02-CV-2060 B (WMC)

v. §   S.D. California

§

GATEWAY, INC. ET AL. §   **A04 CA 252 SS**

§

Defendants. §

## MOTION TO QUASH THIRD PARTY
## SUBPOENA AND OBJECTIONS SUBJECT THERETO

**TO THE HONORABLE JUDGE OF THE COURT:**

**NOW COMES**, Forgent Networks, Inc. (hereinafter "Forgent"), and files this its Motion to Quash Third Party Subpoena and Objections Subject Thereto and in support would respectfully show as follows:

### I.
### BACKGROUND

1.      On March 12, 2004, Microsoft Corporation ("Microsoft"), in a lawsuit styled *Lucent Technologies, Inc., et al. v. Gateway, Inc., et al., Case No. 02-CV-2060 B (WMC), in the Southern District of California,* issued a subpoena requesting documents relating to a technology known as Video Coding Technology.  *See* the subpoena (the **"Subpoena"**), a true and correct copy of which is attached as **Exhibit 1-A.**

2.      The Motion is supported by the Affidavit of Jay Peterson, which is attached hereto as **Exhibit 1**.  Forgent has standing to challenge the Subpoena because it affects a right or privilege of Forgent with respect to the materials subpoenaed.

3.      The date noticed for compliance of the Subpoena was April 2, 2004.[1] The parties have negotiated and exchanged letters in an attempt to narrow the breadth of the Subpoena, but the parties' efforts to resolve their differences have failed.  Microsoft has required Forgent to complete production by May 14, 2004.

## II.
### UNREASONABLE TIME / UNDUE BURDEN

4.      Forgent moves the quash the Subpoena pursuant to FED. R. CIV. P. 45(c)(3)(A)(i) & (iv) because it fails to allow reasonable time for compliance and subjects Forgent to undue burden.

5.      Forgent (and its predecessors-in-interest and subsidiaries, including, but not limited to Compression Labs, Inc. and VTEL, Inc.) has developed technologies that could be encompassed by the term **"Video Coding Technology,"** as that term is defined by the Subpoena.

6.      To comply with the Subpoena, Forgent will have to search voluminous documents that are not readily accessible, generally not formally indexed, and of a highly technical nature. The documents sought by the Subpoena are highly technical and date back to the late 1980's and early 1990's.  Forgent does not have any current employees that developed, worked on, or have a particular familiarity with type of information sought by the Subpoena, particularly Video Coding Technology.  Thus, compliance with the Subpoena will require Forgent to:  locate or hire employees or consultants with a background in similar or related technologies; train those employees or consultants on Video Coding Technology; and have those trained employees or consultants conduct the document review.  If Forgent is required to go through this procedure to

---

[1] Pursuant to the April 19th Letter from Microsoft, the current date for compliance with the Subpoena is May 3, 2004.

comply with the Subpoena, it will require Forgent to spend a significant amount of time, expertise, and money.

7.     To comply with the Subpoena, Forgent will have to search the following general categories of records to determine if it has any documents responsive to the Subpoena:

(a)     Compression Labs, Inc. documents (the **"CLI documents"**):  There are approximately 1600 boxes of CLI documents for the time period covered by the Subpoena that may contain potentially responsive documents.  The majority of these boxes are unindexed and will have to be searched to comply with the Subpoena;

(b)     Computer tape spools:  There are approximately 250 computer tape spools that will have to reviewed and analyzed to comply with the Subpoena. Forgent does not have the hardware or software to read these computer tape spools.  These computer tape spools contain potentially responsive information and they will have to be reviewed and analyzed to comply with the Subpoena; and

(c)     VTEL / Forgent documents (the **"VTEL / Forgent documents"**):   There are at least 1,000 boxes that contain potentially responsive documents.  All of these boxes may have to be searched to comply with the Subpoena

(the above listed documents that must be reviewed and analyzed to comply with the Subpoena are collectively referred to hereinafter as the **"Documents"**).

8.     Many of the Documents are over ten (10) years old and, thus, exist only in hard-copy format.  With the exception of the computer tape spools, the majority of the Documents are not stored electronically and, for those documents, it is impossible for Forgent to utilize search terms to expedite its review for responsive documents.  Furthermore, the computer tape spools are not in a format supported by Forgent.  Thus, Forgent will have to hire an outside firm to extract the data before it can be analyzed.  Approximately two years ago, a third-party firm that does this type of data extraction work estimated that it would cost approximately $60,000.00 for Forgent to extract certain data from the computer tape spools.

9.     In a letter sent by Microsoft's counsel, Gary Savitt, to Forgent's counsel, Adam Price, relating to the Subpoena (*see* the **"Letter"**, a true and correct copy of which is attached hereto as **Exhibit 1-B**), Microsoft limited to scope and breadth of Request Nos. 1, 2, 3 and 4, and eliminated Request No. 7 of the Subpoena (the **"Subpoena As Modified"**).  The Subpoena As Modified imposes the same burdens as described above on Forgent.   To comply with the Subpoena As Modified, Forgent will still have to review and analyze the Documents to determine which are responsive.  It will take several weeks of several highly-skilled and trained people devoting their full attention to review and analyze properly the Documents to determine if there are any documents responsive to the Subpoena As Modified.   Forgent is downsizing, having terminated approximately 60% of its employees over the past twelve (12) months, and does not have the manpower to undertake such an effort.   It will, therefore, be necessary to employ contract employees at great cost to Forgent.   Therefore, compliance with the requests in the Subpoena As Modified would impose an undue burden and expense on Forgent.

### III.
### PRIVILEGED MATERIAL

10.     Forgent moves the quash the Subpoena pursuant to FED. R. CIV. P. 45(c)(3)(A)(iii) because it requires Forgent to disclose privileged or other protected matter and no exception or waiver applies.

11.     The Documents also include information which includes communications of legal advice from attorneys and regarding legal advice, which is protected by the attorney-client privilege.   Forgent would be required to review the Documents to pull privileged communications.

4

## IV.
## TRADE SECRET AND CONFIDENTIAL INFORMATION

12.     Forgent moves the quash the Subpoena pursuant to FED. R. CIV. P. 45(c)(3)(B)(i) because it requires Forgent to disclose a trade secret or other confidential research, development, or commercial information.

13.     Additionally, some of the information and documents sought by the Subpoena (or the Subpoena As Modified) constitutes highly confidential research, development, commercial or trade secret information, which was developed at significant expense to Forgent (**"Confidential Information"**). Such Confidential Information is highly technical information that Forgent treats as valuable proprietary, confidential or trade secret information.

14.     Forgent takes steps and has taken steps to protect the confidentiality of the CLI Documents and the VTEL/Forgent documents. The VTEL/Forgent documents are kept at Iron Mountain. Access to sensitive trade secret information contained in these documents is controlled and kept secured. The CLI documents are kept on-site in a secure storage facility at Forgent under lock and key. Access to those documents is restricted.

15.     Forgent's Confidential Information would be valuable to others. Compliance with the Subpoena is likely to expose Forgent to a very high risk of disclosure of Confidential Information, which could cause damage to Forgent.

16.     Furthermore, the Subpoena was issued on behalf of Microsoft by the law firm of Fish & Richardson, P.C. (**"Fish & Richardson"**). The Confidential Information sought by Fish & Richardson on behalf of Microsoft is likely to be very damaging to Forgent for at least the following reasons:

5

(a)    Forgent is involved in negotiations with a number of parties, including Microsoft, for the licensing of certain patents. Access to the Confidential Information could be provided to Microsoft for use for other purposes, such as use in the licensing discussions with Forgent, which would be unfair and detrimental to Forgent giving Microsoft and others access to documents and information that they are not otherwise entitled to; and

(b)    Forgent has brought suit against Adobe, who is also represented by Fish & Richardson, in a lawsuit pending in Federal Court in Marshall, Texas (the **"Lawsuit"**). Disclosure of Confidential Information to Fish & Richardson would allow those lawyers to gain access to information that they are not otherwise entitled to receive.

17.    Fish & Richardson's attorneys could use the Confidential Information obtained through this Subpoena – whether inadvertently or not – to improve their client's bargaining position or posture in the Lawsuit to the detriment of Forgent.

18.    Furthermore, Forgent is engaged in litigation with Gateway and Dell regarding their alleged infringement of certain Forgent patents. Gateway and Dell are both named defendants in this litigation. Compliance with the Subpoena could result in the disclosure to either Gateway or Dell of Confidential Information that would be detrimental to Forgent that they would not otherwise be entitled to receive.

19.    The protective order attached to the Subpoena does not offer adequate protection for the Confidential Information sought by the Subpoena. Under the terms of the Protective Order, Microsoft's attorneys (and Dell and Gateway's attorneys) and experts in this case may all be entitled to obtain the highly sensitive, proprietary Confidential Information from Forgent.

6

# V.
## OBJECTIONS

### A.     Objections to Definitions

Forgent objects to the definitions and topics contained in the Subpoena.  The definition of "Forgent", "You" and "Your" is overly broad and requires Forgent to respond on behalf of parties other than Forgent.   The definition of "Video Coding Technology" is vague and ambiguous to the extent it does not provide for an adequate means of specifying the technology at issue.

### B.     Specific Objections

**Request No. 1:**

Forgent objects to Request No. 1 on the grounds that, as framed, it is unduly burdensome, vague and ambiguous.

**Request No. 2:**

Forgent objects to Request No. 2 on the grounds that, as framed, it is overly broad, unduly burdensome, vague, ambiguous and seeks confidential and trade secret information.

**Request No. 3:**

Forgent objects to Request No. 3 on the grounds that, as framed, it is overly broad and unduly burdensome.  Forgent further objects to this request because it is vague, ambiguous and seeks confidential and trade secret information.

**Request No. 4:**

Forgent objects to Request No. 4 on the grounds that, as framed, it is overly broad, unduly burdensome, vague, ambiguous and seeks confidential and trade secret information.

**Request No. 5:**

Forgent objects to Request No. 5 on the grounds that, as framed, it is unduly burdensome.

**Request No. 6:**

Forgent objects to Request No. 6 on the grounds that, as framed, it is unduly burdensome, vague and ambiguous.

**Request No. 7:**

Forgent objects to Request No. 7 on the grounds that, as framed, it is unduly burdensome.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Forgent respectfully requests that the Court grant this Motion and Quash Plaintiff's Subpoena. Forgent asks for all other and further relief to which it is justly entitled, including an award of reasonable costs and fees.

Respectfully submitted,

JENKENS & GILCHRIST
a Professional Corporation
2200 One American Center
600 Congress Avenue
Austin, Texas  78701
Telephone: (512) 404-3528
Telecopy: (512) 404-3520

By: _____
William Parrish
State Bar No. 15540325
Adam G. Price
State Bar No. 24027750

ATTORNEYS FOR FORGENT
NETWORKS, INC.

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Motion to Quash Third Party Subpoena and Objections Subject Thereto was sent to counsel of record indicated below **certified mail, return receipt requested**, this 3rd day of May 2004.

Jane Hahn
Alison P. Adema
Hahn & Adema
501 West Broadway, Suite 1730
San Diego, California  92101
ATTORNEYS FOR LUCENT TECHNOLOGIES, INC.

David J. Zubkoff
Seltzer Caplan McMahon Vitek
750 "B" Street, Suite 2100
San Diego, California
ATTORNEYS FOR GATEWAY, INC., GATEWAY COUNTRY STORES, LLC,
GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING, LLC AND
COWABUNGA ENTERPRISES, INC.

John E. Gartman
Christopher S. Marchese
Gary H. Savitt
Fish & Richardson
4350 La Jolla Village Drive, Suite 500
San Diego, California  92122
ATTORNEYS FOR MICROSOFT CORPORATION

_____
Adam G. Price

9

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## Notice of Document/Attachment(s) Not Imaged
## but Stored with Document in Case File

### See Original File to View/Copy Document/Attachment(s)

Civil Case No.       A-04-CA-252 SS

LUCENT TECHNOLOGIES, et al

VS.

GATEWAY, INC., et al

Attachments to
Document #:      1

Description:      Motion to Quash Third Party Subpoena and
Objections Subject Thereto

File Date:      5/5/04

Prepared by:      MLC

## This sheet to be imaged as the last page.